IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHERYL NEVILLE,**

    **Plaintiff,**

v.

**VALUE CITY DEPARTMENT STORES, Inc.,
d/b/a VALUE CITY, VALUE CITY DEPARTMENT
STORES, LLC, d/b/a VALUE CITY, VALUE CITY,
JOHN DOE (1), JANE DOE, and ALL OTHER
UNKNOWN DEFENDANTS,**

    **Defendants.**                               Case No. 07-cv-53-DRH

## ORDER

**HERNDON, District Judge:**

This matter was removed on January 19, 2007 by defendants Value City Department Stores, Inc., on the basis of diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 5). Defendant is Value City Department Stores, Inc., was the sole removing party Defendant. In both its Answer and the Notice of Removal (Docs. 2 & 5, respectively), only "Value City Department Stores, Inc." is referred to; no explanation as to the existence or correct nomenclature of the other "Value City" defendants is given. Thus, when diversity is asserted as the basis for removal, defendant Value City Department Stores, Inc., only pleads the citizenship of itself and Plaintiff. However, in the Complaint (Doc. 5, Ex. 2), Plaintiff brings a claim against several unknown individuals and several corporate entities, one of which happens to be named as a Limited Liability Company ("LLC").

Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located. ***Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir.1985)**. "The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." ***Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases);** *see also **Commonwealth Ins. Co. v. Titan Tire Corp.*, 398 F.3d 879, 881 n.1 (7th Cir. 2004)(citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003))**. As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." ***Belleville Catering Co.*, 350 F.3d at 692 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990))**. Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998))**.

Because federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit, the matter herein is raised *sua sponte*. **See *Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v.***

***Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**.

Here, upon its threshold review, the Court finds it problematic that defendant Value City Department Stores, Inc., in its Notice of Removal, has not plead the citizenship of the remaining Value City defendants, including Value City Department Stores, LLC. Accordingly, the Court remains unconvinced that it has subject matter jurisdiction over Plaintiff's suit and therefore, it hereby **ORDERS** that this case will be remanded to state court after **thirty (30) days** from the date of this Order unless defendant Value City Department Stores, Inc., provides via memorandum the jurisdictional information regarding the other named Defendants in this case to properly demonstrate diversity of citizenship or else provides the Court with an affidavit stating that the other named Defendants do not exist, were incorrectly named by Plaintiff, etc., so as not to be factored into the jurisdictional analysis.

**IT IS SO ORDERED.**

Signed this 6th day of July, 2007.

/s/      David  RHerndon
**United States District Judge**