IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHERYL NEVILLE,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil No. **07-053-DRH** |
| **VALUE CITY DEPARTMENT STORES, INC., et al.,** | ) ) ) ) |
| Defendants. | ) ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the court is Defendant Value City Department Stores, Inc.'s Motion to Quash Notice of Deposition of Dr. Weimer Scheduled for May 29, 2008. **(Doc. 32)**. The court directed plaintiff to file a response on May 28, 2008. Plaintiff filed a Response and a Supplemental Response at **Docs. 35 & 36.**

The deadline for the completion of all discovery in this case was February 8, 2008. **See, Doc. 20**. The Amended Joint Report of Parties attached to **Doc. 20** makes it clear that *all* discovery, including discovery as to expert witnesses, was to be completed by February 8, 2008.

A copy of the Notice of Deposition is attached to the Motion to Quash. On May 23, 2008, the Friday before the Memorial Day holiday, plaintiff's counsel faxed the notice to defendant's counsel. The deposition is scheduled for May 29, 2008.

Defendant moves to quash on two grounds. First, the deadline for completion of discovery has passed. Plaintiff did not obtain the consent of defendant or leave of court to take Dr. Weimer's deposition at this late date. Secondly, defendant argues that it did not receive

1

"reasonable" notice of the deposition, as required by Fed.R.Civ.P. 30(b)(1). Defense counsel Ted Perryman represents that he will be in Colorado for depositions in another case on May 29 and 30, 2008.

In her Response, **Doc. 35**, plaintiff points out that the discovery deadline of February 8, 2008, was set based on a presumptive trial month of June, 2008. However, on April 25, 2008, Chief Judge Herndon set the final pretrial conference for July 17, 2008. **See, Doc. 29.** Plaintiff's counsel explains that she "felt it necessary to obtain the doctor's (*sic*) depositions in the event any might be unavailable once the new trial date is established." **Doc. 35, ¶2**. She then states that she attempted to contact defendants' attorney by telephone on May 22, 2008, almost a month after the order setting the final pretrial conference, before scheduling Dr. Weimer's deposition. Her call was not returned, so she sent the notice of deposition on the afternoon of May 23, 2008.

That explanation does not make much sense, as there was no firm trial date set in the original schedule. It is unclear how setting the final pretrial conference for July 17, 2008, would impact Dr. Weimer's availability. Further, plaintiff's counsel waited almost a month after the order setting the final pretrial conference to attempt to set Dr. Weimer's deposition.

In her Supplemental Response, plaintiff suggests that there was an ambiguity in the Amended Scheduling Order as to the deadline for the completion of discovery. This argument is strained, at best. First, as plaintiff acknowledges in her original Response, the undersigned judge discussed the discovery deadline with the parties at the settlement conference in April, 2008. **See, Doc. 35, ¶4**. Secondly, the Amended Scheduling Order was entered on the parties' joint motion, **Doc. 18**, which asked for a trial month of June, 2008. In granting that joint motion, the

court adopted the Amended Joint Report of the Parties.  The dates in the Amended Joint Report were calculated using a presumptive trial month of June, 2008.  This District's Local Rules require that the discovery cut-off date be no later than 115 days before the first day of the presumptive trial month.  In accordance therewith, the Amended Joint Report states, in paragraph 1, "Discovery shall be completed by **February 8, 2008**."  Paragraph 2 states, "The Parties are directed to confer and agree on dates which will allow the completion of all discovery, including discovery as to expert witnesses, by **February 8, 2008**."  It strains credulity to suggest that there was any ambiguity about the fact that all discovery was to be completed by February 8, 2008.

Plaintiff argues that defendant has not shown that it will be prejudiced by allowing the deposition of Dr. Weimer to go forward on May 29, 2008.  She is incorrect; defendant has shown prejudice in that there was very short notice of the deposition, and defendant's trial counsel in scheduled to be in Colorado for depositions in another case on that day.  In any event, it is not defendant's burden to demonstrate prejudice in these circumstances.  The deadline for the completion of discovery was February 8, 2008.  Plaintiff has not demonstrated good cause for her failure to abide by that deadline.

The court is required to enter a scheduling order in a case such as this, and that scheduling order must include a deadline for the completion of discovery.  **Fed.R.Civ.P. 16(b)(3)**.  The deadline is necessarily calculated based on the assigned presumptive trial month.  Adherence to the deadlines set in the scheduling order is essential if the court is to efficiently manage its crowded docket.  A party is not free to ignore the discovery deadline, and does so at her peril.  The court's docket may require that the actual trial date be set at a date later than the

assigned presumptive trial month.  However, that circumstance does not grant one party an automatic extension of the discovery deadline over the objection of the other party.

Upon consideration and for good cause shown, Defendant Value City Department Stores, Inc.'s Motion to Quash Notice of Deposition of Dr. Weimer Scheduled for May 29, 2008 **(Doc. 32)** is **GRANTED**.  The Notice of Deposition of Dr. Weimer for May 29, 2008, is hereby quashed.

**IT IS SO ORDERED.**

**DATE:  May 28, 2008.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**