IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHERYL NEVILLE,

    **Plaintiff,**

v.

VALUE CITY DEPARTMENT STORES, Inc., et al.,

    **Defendants.**                                    Case No. 07-cv-53-DRH

## ORDER

**HERNDON, District Judge:**

    Before the Court is defendant Value City Department Stores, Inc.'s Motion to Substitute Proper Party Defendant (Doc. 31), to which Plaintiff responds in opposition (Doc. 40) and Defendant replies (Doc. 41). The matter, being fully briefed, is now ripe for determination.

    Plaintiff brings a negligence/premises liability action due to alleged trip and fall injuries she suffered while shopping at a Value City Department Store, located in Swansea, Illinois (*see* Doc. 5, Ex. 2). In Plaintiff's Complaint, there are five named defendants: (1) Value City Department Stores, Inc., (2) Value City Department Stores, LLC, (3) Value City Department Stores, Inc., d/b/a Value City, (4) Value City Department Stores, LLC, d/b/a Value City and (5) Value City. To date, Value City Department Stores, Inc. (hereinafter, "VCDS, Inc.") is the only named

defendant that has entered its appearance and filed responsive pleadings. In its Motion, VCDS, Inc., states that it was operating under the belief that it was the "proper" defendant in this action – an error admittedly caused by its counsel failing to confirm which of the five named defendants actually maintained and operated the premises where Plaintiff was injured (Doc. 31, pp. 1-2).

Although counsel for VCDS, Inc., does not specify the exact time such information was discovered, the Motion states that it was "subsequently determined" that the entity VCDS, Inc., was not the proper defendant and has "no involvement with Plaintiff's claim or potential liability to Plaintiff for her alleged injuries" (*Id*. at 2). Instead, the Motion asserts that the proper defendant to this suit is Value City Department Stores, LLC ("VCDS, LLC"), which is the actual corporate entity responsible for maintaining and operating the Value City Department Store located in Swansea, Illinois – the situs of the events giving rise to Plaintiff's claims. Thus, the Motion concludes that VCDS, LLC, is the only defendant that could have potential liability and should therefore be substituted for VCDS, Inc., as the proper defendant in this matter. Additionally, the Motion also states that VCDS, LLC, will stipulate to the fact that it maintained and operated the premises where Plaintiff was allegedly injured and that it would be responsible for the alleged defects, if any, related to said premises (*Id*. at 2-3).

Should the Court agree to substitute these defendants, VCDS, LLC, states that it will agree to adopt the Answer and Affirmative Defenses (Doc. 2) already filed by VCDS, Inc., and will not raise any further defenses, nor will it raise the

defense suggesting that VCDS, LLC, is not the proper defendant (Doc. 31, p. 2). Further, VCDS, LLC, agrees not to raise any new issues requiring additional discovery (as the discovery cut-off date has already passed). In essence, it believes the substitution would merely attempt "to correct a misnomer which does not result in any prejudice to Plaintiff whatsoever" (*Id*.).

Plaintiff, however, *does* believe that a substitution of defendants at this stage of the proceedings would cause her prejudice (Doc. 40). She first questions whether a substitution would destroy diversity jurisdiction, thereby necessitating a remand. She also points out that neither VCDS, Inc., nor VCDS, LLC, have ever filed their corporate disclosure statements with the Court. VCDS, Inc., replies (Doc. 41) that diversity jurisdiction will not be destroyed if the substitution is allowed, as VCDS, LLC, has complete diversity of citizenship from Plaintiff, established via the Court's Order finding that VCDS, Inc.'s Memorandum of Jurisdictional Requirements sufficiently demonstrated diversity jurisdiction among the named parties (Doc. 15). In sum, it believes substitution of defendants in this case would be proper and in accordance with **FEDERAL RULE OF CIVIL PROCEDURE 21**.

Under **Rule 21**, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." **FED. R. CIV. P. 21**. It is within the Court's discretion to grant the instant Motion. To aid in its determination, the Court should consider whether substituting defendants "will serve the ends of justice, result in prejudice to any party, result in undue delay, or unnecessarily create duplicative

litigation." ***Summit Financial Resources, L.P. v. Big Dog Enterprises Logistics, LLC,*** **No. 07-cv-187-MJR, 2008 WL 276583 at *1 (S.D. Ill. Jan. 29, 2008) (Reagan, J.) (citations omitted)**.

Although there is no party in a better position to determine the "proper" defendant in terms of which entity maintains and operates the premises at issue than the Value City entities, it appears to this Court that the mistake was inadvertent. Moreover, the Court does not find that allowing a substitution of defendants will cause Plaintiff undue prejudice. Plaintiff's concern that allowing the substitution will destroy diversity jurisdiction is unfounded. The Court already determined subject matter jurisdiction existed upon review of VCDS, Inc.'s jurisdictional memorandum, which showed that all named parties were diverse and consented to the removal. As VCDS, LLC, does not wish to file additional defenses and will adopt all of the pleadings that have been filed by VCDS, Inc., the Court finds little upheaval will result. Nor does it find undue delay is likely. Instead, should the parties proceed "as is," it would likely lead to a dismissal or adverse result for Plaintiff should VCDS, Inc., prove it is not the entity liable for the premises at issue. As VCDS, LLC, stipulates that it is the correct entity to be liable for any premises-related defects, allowing it to be substituted for VCDS, Inc., as the proper defendant will aid in serving the ends of justice.

Accordingly, the Motion to Substitute Proper Party Defendant (Doc. 31) is **GRANTED**. As such, VCDS, LLC, is hereby **SUBSTITUTED** as the proper party

defendant in this case for VCDS, Inc. VCDS, LLC, shall enter its appearance on the record and file its corporate disclosure statement, pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 7.1**, within seven (7) days from the date of this Order.

**IT IS SO ORDERED.**

Signed this 11th day of July, 2008.

/s/    *David R Herndon*

**Chief Judge**
**United States District Court**