IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHERYL NEVILLE,

    Plaintiff,

v.

VALUE CITY DEPARTMENT STORES, LLC, et al.,

    Defendants.                                    Case No. 07-cv-53-DRH

**MEMORANDUM & ORDER**

**HERNDON, Chief Judge:**

## I. INTRODUCTION

Plaintiff Cheryl Neville has filed two separate and pending Motions to Remand (Docs. 30 & 47). Defendant Value City Department Stores, LLC, has filed opposing responses to each (Docs. 33 & 52);[1] Plaintiff has replied, in turn (Docs. 39 & 54). Both Motions are now ripe for determination. For the reasons discussed herein, Plaintiff's requests to remand this case are denied.

---

[1] Value City Department Stores, Inc., was the original filing party, but Value City Department Stores, LLC, has since been substituted as the proper party Defendant in this case and has adopted all of the motions previously-filed by Value City Department Stores, Inc. (*see* Doc. 53).

## II. BACKGROUND

Plaintiff filed suit on November 14, 2006, in the Circuit Court of St. Clair County, Illinois (Doc. 5, Ex. 2 - Complaint). Her claims are based upon a theory of premise liability for injuries she allegedly sustained when she tripped over a bin pallet that was located on the end of a checkout aisle while shopping at Defendant's store. Defendant removed this case on the basis of diversity jurisdiction, **28 U.S.C. § 1332** (Doc. 5). The Notice of Removal was filed on January 19, 2007. In the Notice, Defendant states that it was not served with the pleadings until December 21, 2006 (Doc. 5, ¶ 1) and therefore, the removal was timely pursuant to **28 U.S.C. § 1441**.

## III. DISCUSSION

### A. Legal Standard

#### 1. Removal

The removal statute, **28 U.S.C. § 1441**, is construed narrowly and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993)**. Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt. ***See In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir. 1997)**. "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability

that jurisdiction exists.'" ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)(citations omitted)**. However, if the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to **28 U.S.C. § 1447(c)**.

### 2. Diversity Jurisdiction

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy which exceeds $75,000, exclusive of interest and costs. Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**. The status of the case as disclosed by a plaintiff's complaint is controlling on the issue as to whether the case is removable. ***St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938)**. When the amount in controversy is at issue, if the face of the complaint establishes that the suit cannot involve the necessary amount, the case should be remanded. ***Id.* at 291-92**. "Accepted wisdom" provides that a plaintiff's evaluation of the stakes must be respected when deciding whether a claim meets the amount in controversy requirement for federal diversity jurisdiction. ***Barbers, Hairstyling for Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997) (*citing* St. Paul Mercury, 303 U.S. at 289)**. However, a plaintiff "may not manipulate the process" to defeat federal jurisdiction and force a remand once the case has been

properly removed. ***Gould v. Artisoft, Inc.,* 1 F.3d 544, 547 (7th Cir. 1993)(citations omitted)**.

**B.     First Motion to Remand**

In her first Motion to Remand (Doc. 30), filed on May 22, 2008, Plaintiff complains that the removal was improper because Value City Department Stores, LLC ("VCDS, LLC"), never filed for removal, never joined in the Notice of Removal or consented to the removal (Doc. 30, p. 1). Plaintiff filed her Motion to Remand more than thirty days subsequent to the filing of Defendant's Notice of Removal, which is typically considered "untimely" under the federal rules when based upon a procedural defect. **28 U.S.C. § 1447(c)**. However, Plaintiff contends this time requirement for seeking a remand should be equitably tolled due to Defendant's failure to disclose the proper party defendant to Plaintiff (or the Court) in a timely manner.

Plaintiff claims she was initially misled by Defendant's February 5, 2007 communication to her stating that the proper Value City entity in this case was Value City Department Stores, Inc. ("VCDS, Inc.") (Doc. 30, p. 2, Ex. B). Also misleading to Plaintiff was VCDS, Inc.'s response to the Court's July 6, 2007 *sua sponte* Order (Doc. 13), which directed Defendant to file a memorandum to properly establish the citizenship of all named defendants in the case in order to show complete diversity of citizenship. In its responding jurisdictional memorandum (Doc. 14), Plaintiff notes that defendant VCDS, Inc., stated, "[a]ll of the Value City entities consent to the

removal of this matter" (Doc. 30, p. 4). Based on a proper showing of diversity of citizenship, the Court entered an Order on July 25, 2007 (Doc. 15), acknowledging the jurisdictional memorandum as sufficiently substantiating the existence of diversity jurisdiction. Yet, it was not until several months later, on March 28, 2008, that VCDS, Inc., finally communicated to Plaintiff that it was not the proper party defendant in the case; VCDS, LLC, was instead the proper party defendant. Plaintiff was advised that counsel for VCDS, Inc., would be withdrawing as counsel and entering their appearance on behalf of VCDS, LLC. Plaintiff believes this is indicative that counsel had no previous authority to represent to the Court in its jurisdictional memorandum that VCDS, LLC, had consented to the removal by VCDS, Inc. (Doc. 30, p. 4). Due to Defendant's misrepresentations, Plaintiff argues that she had no information suggesting that the removal was defective until receiving Defendant's March 28, 2008 communication (*Id.* at 7). Accordingly, Plaintiff seeks a remand, or in the alternative, a default judgment against VCDS, LLC.

   Defendant, in response, contends that Plaintiff's removal is untimely. Even assuming that her time to seek remand was tolled, Plaintiff admits she had this information on March 28, 2008, yet she did not file her remand motion until sixty days thereafter. Defendant notes that Plaintiff also failed to mention any objection regarding the "proper defendant" at the settlement conference, conducted on April 28, 2008 (Doc. 33, p. 6). Defendant states that VCDS, Inc., was the only party Defendant that had been served at the time this case was removed and filed the removal pleadings indicating as much – therefore, it was the only party that needed

to join in or consent to this removal (*Id.*).

Here, the record shows a summons for VCDS, Inc., and an executed return of service (Doc. 33, Ex. A). Plaintiff contends that the return of service actually indicates that VCDS, LLC, was served (Doc. 39, p. 1). However, in viewing the documents, the Court does not see where service on VCDS, LLC, was made. The evidence currently before the Court shows that only VCDS, Inc., was served at the time of the removal of this case. (In fact, it is unclear as to whether the other named Defendants in this case have ever been served.) Therefore, the only conclusion the Court can arrive at is that the removal was not defective, as Defendants not yet served need not consent to removal. **See Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993) (citations omitted)**. Moreover, Plaintiff failed to timely raise her assertion that the removal was procedurally defective because the other named Defendants failed to join in or consent to the removal after the Notice of Removal was filed. Pursuant to the Court's July 11, 2008 Order (Doc. 53), allowing substitution of VCDS, LLC, for VCDS, Inc., as the proper party defendant in this case, the Notice of Removal is attributable to VCDS, LLC, as the filing party. Thus, Plaintiff's first Motion to Remand (Doc. 30) is time-barred pursuant to § 1447(c) and is hereby **DENIED**.

## C. Second Motion to Remand

Plaintiff's Second Motion to Remand (Doc. 47), filed on July 2, 2008, argues that Defendant failed to establish proper diversity jurisdiction in its Notice of Removal (Doc. 5), as it had no basis for asserting that the amount in controversy exceeded $75,000.00. Plaintiff asserts that nothing in her allegations or her discovery indicates that her damages sought exceed $75,000.00 – the prayer for each count in the Complaint seeks only "damages in excess of $50,000.00"[2] Additionally, Plaintiff states that the documentation she has provided to Defendant as part of her discovery obligations indicate calculable damages "of a little more than $40,000.00" (Doc. 47, p. 3). In sum, Plaintiff believes Defendant "removed this cause based upon patently false filings as to the contents of Plaintiff's Complaint . . ." (*Id*. at 1).

Responding, Defendant first asserts that Plaintiff's second Motion to Remand should be barred as untimely filed, pursuant to **28 U.S.C. § 1447(c)**. Next, Defendant argues that even if the Motion was not time-barred, the "removal pleadings contain sufficient information to establish by a reasonable probability that the

---

[2] In her Motion, Plaintiff contends that Defendant falsely stated that the Complaint alleged Plaintiff suffered damages in excess of $75,000 (Doc. 47, p. 1). Viewing this statement in Defendant's Notice of Removal (Doc. 5, ¶ 2), the Court believes this is more likely the result of a poorly-worded sentence, rather than a deliberately false statement. Defendant's Notice of Removal stated, "This action is a civil action wherein the plaintiff claims personal injury and pleads negligence under a theory of premises liability, and she has suffered damages in excess of $75,000.00." The phrase "and she has suffered damages" could be construed as Defendant's good faith belief as to the damages existing at the time of removal and not specifically as quoting the amount of damages claimed in Plaintiff's Complaint. This is supported by the fact that Defendant attached a copy of Plaintiff's Complaint to its Notice of Removal – the Complaint clearly states that Plaintiff "seeks damages in excess of $50,000.00." In other words, the Court does not regard Defendant's Notice of Removal to be a "patently false filing" as Plaintiff asserts. Therefore, Rule 11 sanctions are not warranted.

amount in controversy exceeds the sum of $75,000.00 . . . based on Plaintiff's allegations indicating serious and permanent injuries, and loss of past, present and future income" (Doc. 52, p. 2).  Defendant also states that Plaintiff first made a settlement demand of $300,000.00 (*Id*. at 7).  It was only several days after filing her second Motion to Remand that Plaintiff amended her settlement demand to $74,500.00 (*Id*. at 8).  Additionally, Defendant notes that prior to filing its Notice of Removal, it asked Plaintiff to stipulate that her damages were less that the jurisdictional amount and she refused (*Id*. at 2).  Defendant believes its cause is also bolstered by the fact that nowhere in Plaintiff's second Motion to Remand does she conclusively state she is *not* seeking damages in excess of the jurisdictional amount (*Id*. at 1).  Lastly, Defendant points out that in her Motion, Plaintiff asserts that her calculable damages for her medical injuries are approximately a little over $40,000.00 (Doc. 47, ¶ 11).

In determining whether the jurisdictional threshold amount has been met, pursuant to § 1332, the Court must evaluate "the controversy described in the plaintiff's complaint and the record as a whole, as of the time the case was filed." **Uhl v. Thoroughbred Tech. and Telecomm., Inc., 309 F.3d 978, 983 (7th Cir. 2002) (citing Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 (7th Cir. 1993))**. Refusing to stipulate that the damages sought were $75,000.00 or less at the time of removal creates the inference that a plaintiff believes her claim(s) could be worth more. **Workman v. United Parcel Service, Inc., 243 F.3d 998, 1000 (7th Cir.**

2000). If little information is provided as to the value of a plaintiff's claims from the onset, a court can find, at times, that a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006) (citing *Rubel v. Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004)). Once subject matter jurisdiction has been established, it can only be defeated if a plaintiff presents "to a legal certainty that the claim [was] really for less than the jurisdictional amount" at the time of removal. *Id.* (citations omitted).

Although § 1447(c) provides no time bar for remand motions challenging lack of federal subject matter jurisdiction a court may not look favorably upon a plaintiff who deliberately avoids raising the issue until over a year after the case was removed. *See BEM I, LLC v. Anthropologie, Inc.*, 301 F.3d 548, 551 (7th Cir. 2002) ("As officers of the court, lawyers who practice in federal court have an obligation to assist the judges to keep within the boundaries fixed by the Constitution and Congress; it is precisely to impose a duty of assistance on the bar that lawyers are called "officers of the court." Lawyers also owe it to the judge and the opposing lawyer to avoid subjecting them to the burdens of a lawsuit that they know or think may eventually be set at naught, and have to be started over again in another court, because of a jurisdictional problem of which the judge and the opposing lawyer may be unaware."); *see also Workman*, 234 F.3d at 999-1000 ("Although challenges to the subject-matter jurisdiction of a

**federal court are conventionally said not to be waivable, so that such a challenge can be mounted for the first time on appeal and can indeed be made by the court itself, it is not true that waiver or forfeiture plays no role in determinations of jurisdiction.")**

Plaintiff's second Motion to Remand fails to unequivocally state that the amount in controversy in this case does not exceed $75,000.00. Instead, she complains that Defendant never established by a reasonable probability that the amount in controversy exceeds $75,000.00 in this case (Doc. 47, p. 1). Because she contests subject matter jurisdiction, rather than a procedural defect in removal, Plaintiff believes her remand motion should not be time-barred under § 1447(c). However, Defendant points to a Seventh Circuit case finding otherwise, which the Court finds closely parallels the instant suit.

In *Harmon v. OKI Systems*, the plaintiff moved for remand, not because he claimed diversity did not exist, but because the defendant had failed to demonstrate to a reasonable probability that diversity jurisdiction existed at the time of removal. **Harmon v. OKI Sys., 115 F.3d 477, 478 (7th Cir. 1997)**. Plaintiff's motion to remand was denied by the district court, which then allowed the defendant to amend its removal papers pursuant to 28 U.S.C. § 1653. **Id.** On appeal, the Seventh Circuit examined whether the defendant's failure to properly establish diversity jurisdiction was considered a "procedural defect" under § 1447(c), or instead amounted to merely "omissions which reveal[ed] the absence of subject

matter jurisdiction." *Id.* at **479**.

The appellate court found that the district court properly considered evidence in the record that demonstrated that federal jurisdiction was proper at the time of removal, including the plaintiff's answers to interrogatories, which stated that they incurred over $55,000.00 in medical expenses and over $80,000.00 in lost wages." *Id.* at **478**. *Harmon* did not see why a district court should be restricted to consider only the evidence available at the time of removal, but instead, found it appropriate for a district court to consider other evidence which "sheds light on the situation." *Id.* at **480**. Thus, the Seventh Circuit affirmed the district court's determination that diversity jurisdiction existed at the time of removal, so the plaintiff's challenge was not actually based on lack of subject matter jurisdiction but was actually based upon the defendant's inadequate jurisdictional allegations. Such grounds are more properly construed as "procedural defects" within a notice of removal and a motion to remand based on defects of this sort must be made within thirty days of removal under § 1447(c). *Id.* at **478**.

In the instant matter, the Court takes umbrage with the timing of Plaintiff's second Motion to Remand.[3] Plaintiff has been aware of Defendant's claim that Plaintiff seeks damages in excess of $75,000.00 since the day this case was

---

[3] The Court also takes umbrage with Defendant for its failure to provide a more specific answer or to otherwise supplement its answer to Plaintiff's Interrogatory No. 16 (*see* Doc. 54, p. 2). The Court will address with specificity Defendants' failure to supplement its discovery responses as part of its Order on Plaintiff's Motion to Strike (Doc. 26). However, as Plaintiff is in the best position to know what her damages are, the Court finds her failure to timely move for remand more problematic. Yet the bottom line is that the parties' counsel need to begin cooperating more fully with each other, so as not to put their clients' legal proceedings in jeopardy.

removed from state court over a year ago. Although a party can typically challenge the existence of jurisdiction at any time throughout the proceedings, whether the facts have changed or have become any clearer regarding the amount of Plaintiff's damages since the time of removal is irrelevant for the Court's consideration. The Court determines the existence of jurisdiction *at the time of removal*. It is possible that Plaintiff has since determined that her damages are not in excess of $75,000.00, but this does not change her expectancy of recovery on her claims as it existed at the time Defendant removed this case. If Plaintiff believed her claims would not exceed the jurisdictional amount from the inception of this case, common sense would lead one to object to its removal at the first opportunity. The fact that Plaintiff refused to stipulate to the amount of damages, the amount of her initial settlement demand, and the fact that she still will not conclusively state that her claims do not exceed $75,000.00, substantiates Defendant's good faith estimate that the jurisdictional amount in controversy was met at the time of removal, though, once again, subsequent or current value is irrelevant. Moreover, in her Complaint, Plaintiff seeks damages for:

> [P]hysical injuries including injuries to her spine, back, right shoulder, right arm, hands, legs, feet, knees, ankles and the remainder of her body both internally and externally; and Plaintiff did endure and will in the future endure extreme physical and mental pain, suffering and anguish; the Plaintiff has incurred and will in the future incur expenses for hospital and medical treatment; Plaintiff has lost and will in the future lose wages and earnings; and Plaintiff has been and will be permanently disfigured and disabled and unable to attend to her normal daily activities all as a result of the said negligence of the Defendant.

(Doc. 5, Ex. 2).

These allegations are sufficiently specific for Defendant's good faith belief that the amount in controversy exceeded $75,000.00 at the time of removal. Plaintiff's challenge to lack of subject matter jurisdiction is not, therefore, well-taken. Additionally, in accordance with **Harmon**, the Court finds Plaintiff's second Motion to Remand actually complains of "procedural defects," and is thus time-barred under § 1447(c). Considering evidence on the record – Plaintiff's admission that her medical expenses are more than $40,000.00 – along with Plaintiff's damages alleged in her Complaint, the Court also finds diversity jurisdiction to have existed at the time of removal. Accordingly, Plaintiff's second Motion to Remand (Doc. 47) is **DENIED**.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court hereby **DENIES** both of Plaintiff's Motions to Remand (Docs. 30 & 47).

**IT IS SO ORDERED**.

Signed this 18th day of July, 2008.

/s/      *DavidRHerndon*

**Chief Judge**
**United States District Court**