# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHERYL NEVILLE,

    Plaintiff,

v.

VALUE CITY DEPARTMENT STORES, LLC, et al.,

    Defendants.                                      Case No. 07-cv-53-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

## I. INTRODUCTION

Defendant Value City Department Stores, LLC[1] ("VCDS"), has filed a Motion for Summary Judgment (Doc. 21). Along with her Response (Doc. 23), Plaintiff has filed a related Motion to Strike Defendant's Motion for Summary Judgment, to Bar Witness, and for Sanctions (Doc. 26). For the reasons discussed herein, Plaintiff's Motion to Strike shall be granted in part and Defendant's Motion for Summary Judgment shall be denied.

---

[1] Value City Department Stores, LLC, was substituted for Value City Department Stores, Inc., as the proper party defendant via Court Order (Doc. 53) and accordingly, adopted all of the filings on the record made by Value City Department Stores, Inc.

## II. BACKGROUND

Plaintiff Cheryl Neville has brought a premises liability suit for personal injuries suffered due to the alleged negligence of the entity that controlled the premises. It is uncontroverted that on November 29, 2005, Plaintiff was shopping at Defendant's retail store, "Value City," located in Swansea, Illinois (Doc. 5, Ex. 2 - Complaint, ¶¶ 3 & 4; Doc. 21, p. 2, ¶ 1). While waiting in line in the check-out aisle, Plaintiff alleges she took a few steps backwards and tripped over a display that was at the end of the aisle (Comp., ¶¶ 5 & 7; Doc. 21, p. 3, ¶ 6). In her allegations, Plaintiff describes what she tripped over to be some type of "flatbed or platform or short table or some other item of merchandise or debris located on the floor of the premises" (Comp., ¶ 7); the parties have later identified the object as a "bin pallet" (Doc. 21, p. 2, ¶¶ 1 & 3; Doc. 23, p. 2, ¶ 1).

In her Complaint, Plaintiff alleges that by allowing this bin pallet to remain on the aisle floor, Defendant failed to exercise reasonable care by creating a condition that subjected its invitees to an unreasonable risk of harm (Comp., ¶ 8). Accordingly, Plaintiff claims Defendant was negligent in maintaining its premises. As a result of her fall, Plaintiff alleges she suffered injuries to her neck, spine, back, right shoulder, right arm, hands, legs, knees, feet, ankles and remainder of her body both internally and externally, causing her to endure extreme physical and mental pain, suffering and anguish and is now permanently disfigured and disabled, thereby unable to attend to the daily activities of a normal lifestyle (*Id*. at ¶¶ 11 & 12). Plaintiff seeks to recover past and future medical expenses as well as past and future

lost wages (*Id.*).

Defendant removed this action from state court based upon the existence of diversity jurisdiction (Doc. 5). Nearly a year later, Defendant filed its Motion for Summary Judgment (Doc. 21) and supporting memorandum (Doc. 22). Plaintiff filed her opposing Response (Doc. 23), along with her supporting memorandum (Doc. 24). A few weeks later, Plaintiff also filed a Motion to Strike Defendant's Motion for Summary Judgment, to Bar Witness and for Sanctions (Doc. 26), to which Defendant opposes (Doc. 27). For obvious reasons, the Court will first determine Plaintiff's Motion to Strike before analyzing whether summary judgment is warranted in this matter.

### III. **MOTION TO STRIKE**

In support of its Motion for Summary Judgment, Defendant attaches the Affidavit of Rebecca Krapf (Doc. 21, Ex. C - Krapf Affidavit), which gave rise to Plaintiff's Motion to Strike. Krapf is a Merchandising Manager at Defendant's store in Swansea, Illinois (Krapt Aff., ¶ 2). She avers that she was present at the store on November 29, 2005, the day Plaintiff allegedly tripped and fell over a bin pallet located at the end of a check-out aisle (*Id.* at ¶ 3). Krapf further states that she was able to personally observe the area where Plaintiff alleges she fell before and after the incident occurred (*Id.* at ¶ 4). Krapf continues to describe the particular bin pallet at issue: it was large and square shaped, approximately four-foot by four-foot in size and black in color, located on a white tile floor at the end of the check-out aisle (*Id.* at ¶ 5). According to Krapf, on November 29, 2005, the bin pallet at issue was being

used to display holiday wrapping paper (*Id*. at ¶ 6). Lastly, Krapf states that other than Plaintiff's incident, she has no knowledge of a customer ever tripping over a bin pallet (*Id*. at ¶ 7). Krapf's Affidavit is used to substantiate Defendant's summary judgment argument that the alleged condition (the bin pallet) was "open and obvious," and thus, Defendant had no duty to protect its invitees from open and obvious perils (Doc. 22, pp. 3-5). Krapf's statement that there was boxes of wrapping paper displayed on the bin pallet at issue on the day Plaintiff was injured directly controverts Plaintiff's allegations and deposition testimony that the bin pallet was empty (*see* Doc. 23, p. 2, ¶¶ 1 & 2).

Plaintiff believes Defendant's summary judgment motion should be stricken and Krapf should be barred as a witness because Defendant never disclosed Krapf in its discovery responses or initial disclosures (Doc. 26, ¶ 6).[2] It was not until

---

[2] The Interrogatories Plaintiff claims would have required Defendant to respond or at least supplement its response with Kropf's name are as follows:

Interrogatory # 12: Identify each individual who witnessed or claims to have witnessed any of the Complaint's alleged wrongful acts and specify the acts they witnessed or claim to have witnessed.

ANSWER: *Upon information and belief, other customers of the store may have witnessed the incident and possibly former employees of the Defendant, whose identities are currently unknown.*

Interrogatory # 13: Identify each person who knows or claims to know of any of the Complaint's alleged wrongful acts and specify the acts they know or claim to know of.

ANSWER: *Upon information and belief, other customers of the store may have witnessed the incident and possibly former employees of the Defendant, whose identities are currently unknown.*

(continued on next page)

Defendant attached her affidavit to its summary judgment motion that Krapf was identified for the first time (*Id.*). It also appears that Defendant was reluctant or refused to produce Krapf for deposition, its reason being that the discovery cut-off date had already passed (*Id.* at ¶¶ 7 & 8). Plaintiff asserts that Defendant's actions are "in direct violation of [the Federal Rules of Civil Procedure] 26 and 33, and secured an unfair advantage for Defendant by denying Plaintiff the opportunity to depose Rebecca Krapf before Defendant filed its [summary judgment] motion" (*Id.* at ¶ 9). In sum, Plaintiff requests Defendant's summary judgment motion be stricken, Krapf's testimony barred, including any evidence obtained through Krapf, and that Defendant be ordered to pay Plaintiff's reasonable attorney's fees.

In response (Doc. 27), Defendant argues Plaintiff has failed to comply

---

(continued from previous page)

Interrogatory # 21:   Specify each of the Complaint's material allegations that the Defendant denies, and for each identify:
   a. the facts on which the Defendant bases the denial;
   b. any person with knowledge of those facts;
   c. any document which supports each denial

   ANSWER: *Defendant objects to this interrogatory as it is an improper contention interrogatory. Subject to and without waiving said objection, see Defendant's Answer to Plaintiff's Complaint.*

Interrogatory # 29:   State the name and address of person or entity that was employed to maintain the area wherein the alleged occurrence took place at or near the time of the incident and further state whether or not this person or entity was an employee of Defendant or was a separate person or company hired by Defendant to maintain this area.

   ANSWER: *Defendant objects to this interrogatory as it is vague, overly broad and not reasonably limited in time or scope, and thus not reasonably likely to lead to the discovery of admissible evidence. Without waiving said objections, defendant is unable to answer said interrogatory, as it is currently unknown the area where the alleged occurrence took place.*

with the "meet and confer" requirements of Rule 37 in an attempt to resolve this discovery dispute, prior to filing her Motion to Strike. Defendant believes that this dispute could have been "avoided by a simple telephone call or letter" from Plaintiff (*Id*. at ¶ 2). Further, Defendant contends Plaintiff's interrogatories only asked for identification of those persons who *witnessed* Plaintiff's alleged accident. Krapf, however, states that she did not actually witness the incident, but merely viewed the area where the bin pallet in question was located, before and after Plaintiff tripped over it (*Id*. at ¶ 3). Additionally, Defendant states that Plaintiff has been aware of Krapf's existence since the day of the incident – demonstrated by Plaintiff's deposition testimony, wherein she recalls speaking to Krapf at the store after she fell (*Id*. at ¶ 4). Once Plaintiff filed her Motion to Strike, Defendant states that it contacted her attorney and offered to produce Krapf for deposition,[3] but Plaintiff's counsel no longer wanted to entertain her prior request to depose Krapf (*Id*. at ¶ 5). Lastly, Defendant notes that nowhere in Plaintiff's Response to summary judgment does she ever complain about her inability to depose Krapf before responding to the dispositive motion (*Id*. at ¶ 8).

Initial disclosures must be made pursuant to **Rule 26(a)(1)**, including those individuals likely to have discoverable information. Further, initial disclosures and discovery responses must be supplemented if the party subsequently acquires

---

[3] Defendant also includes its store manager, Jack Trudinski, in its arguments opposing Plaintiff's Motion to Strike, however, as Plaintiff has not moved to strike based on any of Defendant's alleged wrongful actions concerning Trudinski, the Court sees no reason to address anything but Defendant's actions regarding its duty to disclose Krapf as a witness.

additional responsive information or discovers its prior disclosures or responses were incomplete or incorrect. **FED. R. CIV. P. 26(e)(1)**. Plaintiff seeks relief pursuant to **FEDERAL RULES OF CIVIL PROCEDURE 26(g) and 37(c)**.[4]

Clearly, both parties are in the wrong. Defendant had an ongoing

---

[4] **Rule 26(g)** provides, in pertinent part:

(1) Signature Required; Effect of Signature. Every disclosure under Rule 26(a)(1) or (a)(3) and every discovery request, response, or objection must be signed by at least one attorney of record . . . . By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry:

   (A) with respect to a disclosure, it is complete and correct as of the time it is made; and
   (B) with respect to a discovery request, response, or objection, it is:
      (i) consistent with these rules and warranted by existing law . . . ;

(3) Sanction for Improper Certification. If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

**Rule 37** provides, in pertinent part:

(a) Motion for an Order Compelling Disclosure or Discovery.

   (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.

   (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

      (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
      (B) may inform the jury of the party's failure; and
      (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

obligation to supplement both its Rule 26(a) initial disclosures as well as its answers to Plaintiff's interrogatories. **FED. R. CIV. P. 26(e)(1)**. Moreover, contrary to Defendant's assertions that disclosing Knopf as a witness would not have been a responsive answer to any of Plaintiff's specified interrogatories, the Court finds otherwise. Plaintiff asked Defendant to identify those persons who either witnessed or had knowledge of Defendant's "wrongful acts" (Interrogatories Nos. 12 & 13) Now, it is unknown to the Court whether Plaintiff defined the term "wrongful acts," yet it is irrelevant to the Court's determination as Defendant does not raise this point, nor did it object to the term's vagueness in its answers. Nevertheless, the interrogatory does not limit the response to only those who either witnessed or had knowledge of Plaintiff's act of tripping over the bin pallet. The term "wrongful acts" could also include any act by which Defendant negligently maintained its premises. Plaintiff also requested disclosure of those persons with knowledge upon which Defendant based its denial of liability (Interrogatory No. 29). Certainly, as evident from its summary judgment motion, disclosing Knapf's identity would have been responsive to Plaintiff's interrogatory. The possibility that Defendant was unaware of Knapf's knowledge regarding the bin pallet at the time it served its answers to Plaintiff's interrogatories does not negate its ongoing duty to supplement its answers once it obtained this information (which was clearly before Defendant filed its summary judgment motion).

As Defendant points out, Plaintiff's Motion to Strike does not provide certification of her good faith attempt to resolve the discovery dispute prior to filing.

However, in her Motion, the Court notes Plaintiff does state that she requested Defendant to produce Knapf for deposition and Defendant refused, which, in turn, prompted her to file the Motion to Strike. Defendant's subsequent offer to produce Knapf for deposition after the Motion had been filed will not simply erase the fact of its earlier refusal.

In weighing the "wrongs" committed by the parties concerning their pretrial discovery practices, the Court finds that Defendant's behavior is a more severe violation of the rules of civil procedure than Plaintiff's. For one thing, Defendant's ongoing obligation to supplement its initial disclosures and discovery responses arose before Plaintiff's obligation to certify her good faith attempt to resolve the discovery dispute. Also, Plaintiff's Motion does indicate a likely attempt at resolving the matter prior to involving the Court with the instant motion, so, although uncertified, is really more technical than substantive. Therefore, the Court **GRANTS IN PART** Plaintiff's Motion to Strike (Doc. 26). The Court refuses to strike Defendant's Motion for Summary Judgment, but will bar the testimony of Rebecca Krapf and will not consider her Affidavit as evidence to support Defendant's Motion for Summary Judgment. With this in mind, the Court now turns to determine whether Defendant is entitled to summary judgment.

## IV. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

Summary judgment is proper where the pleadings and affidavits, if any, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Oats v. Discovery Zone*, 116 F.3d 1161, 1165 (7th Cir. 1997) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323). In reviewing a summary judgment motion, this Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *Celex Group, Inc. v. Executive Gallery, Inc.*, 877 F. Supp. 1114, 1124 (N.D. Ill. 1995). This Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the nonmovant. *Regensburger v. China Adoption Consultants, Ltd.*, 138 F.3d 1201, 1205 (7th Cir. 1998) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations in his pleadings; rather, he must show through specific evidence that an issue of fact remains on matters for which he bears the burden of proof at trial. *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir. 1994), *aff'd*, 51 F.3d 276 (citing *Celotex*, 477 U.S. at 324). No issue remains for trial "unless

there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." ***Anderson*, 477 U.S. at 249-50 (citations omitted); *accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994)**.

**B.  Analysis**

Defendant argues that the facts clearly show the bin pallet was "open and obvious to any reasonable person exercising ordinary perception and care for their own safety" (Doc. 22, p. 3). Therefore, Defendant believes that as a matter of law, it owed no duty of care to Plaintiff and as such, cannot be found that it negligently maintained its premises. Accordingly, Defendant requests the Court grant summary judgment in its favor.

**1.  Premise Liability**

Plaintiff brings a common law negligence claim against Defendant. The essential elements of common law negligence in Illinois are: (1) the existence of a duty running from the defendant to the plaintiff, (2) a breach of that duty, and (3) an injury proximately caused by the breach of duty. ***Ward v. K Mart Corp.*, 554 N.E.2d 223, 226 (Ill. 1990) (citations omitted)**. The existence of this duty is considered a question of law to be determined by the Court. ***Id.*** Factors for the Court to consider in examining the existence of duty are: the reasonable foreseeability of injury, the likelihood of injury, the magnitude of the burden to guard

against it, and the consequences of placing the blame on the defendant. *Id.* **at 226-27**. When determining whether a duty exists, there are three factors under section 343 of the Restatement (Second) of Torts which aid in analyzing the foreseeability factor: (1) whether the defendant knew or by exercise of reasonable care would discover, and should realize, the condition presents an unreasonable danger to invitees; (2) whether the defendant should expect invitees will fail to discover or realize the danger or fail to protect themselves against it; and (3) whether the defendant failed to exercise reasonable care to protect invitees against danger. *LaFever v. Kemlite Co., a Div. of Dyrotech Industries, Inc.*, **706 N.E.2d 441, 447 (Ill. 1998) (citing** *Genaust v. Illinois Power Co.*, **343 N.E.2d 465, 472 (Ill. 1976);** *Ward*, **554 N.E.2d at 229;** *Deibert v. Bauer Brothers Construction Co.*, **566 N.E.2d 239, 241 (Ill. 1990))**. Finally, the trier of fact also may consider the plaintiff's fault, if any, in determining whether the defendant was negligent. *Simich v. Edgewater Beach Apartments Corp.*, **857 N.E.2d 934, 946 (Ill. App. Ct. 2006) (citing** *Ward*, **554 N.E.2d at 229)**.

There is an exception to the foreseeability prong. "'Illinois law holds that persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious.'" *Hoesly v. Chicago Cent. & Pacific R. Co.*, **153 F.3d 478, 481 (7th Cir. 1998) (applying Illinois law) (citing** *Bucheleres v. Chicago Park Dist.*, **665 N.E.2d 826, 832 (Ill. 1996))**. In sum, Illinois law does

not generally require landowners to protect invitees from open and obvious dangers because "'[t]he open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks.'" ***Id.* (*Bucheleres*, 665 N.E.2d at 832**). This follows an objective, as opposed to subjective, standard in that the Court asks whether a reasonable person "exercising ordinary perception, intelligence, and judgment" would notice the potentially dangerous condition and recognize the risk arising therefrom. ***Deibert v. Bauer Bros. Const. Co., Inc.*, 566 N.E.2d 239, 241 (Ill. 1990) (citing Restatement (Second) of Torts, § 343A, comment b (1965)).**

### 2. Open and Obvious Condition

Defendant asserts that the bin pallet Plaintiff tripped over was "open and obvious," and therefore noticeable to a reasonable person exercising ordinary care. Exhibit B to Defendant's Motion for Summary Judgment is an transcript excerpt of Plaintiff's deposition (Doc. 21, Ex. B - Neville Dep.). During her deposition, she identified a picture of the bin pallet, similar to the one she tripped over (Doc. 21, Ex. B, 12:6-16, Ex. 1). This bin pallet was a four foot by four foot black pallet, sitting on a white tiled floor (Doc. 21, Ex. B, Ex. 1). The bin pallet was located at the end of the checkout aisle, its general purpose was to display merchandise. Plaintiff testified during her deposition that she approached the checkout aisle and the bin pallet at the end of the aisle from an approximate straight on direction (Doc. 21, Ex. B, 19:3-24, 31:18-24; Ex. 1). She walked past the bin pallet, up the aisle and stood

waiting in line for approximately five minutes (Doc. 23 - Plf's Response, Ex. B - Neville Dep., 21:4-24). While waiting to checkout, Plaintiff stated that she took a few steps backwards to look at something and caught her foot under the bin pallet, fell and was injured (*Id*. at 40:1-8; Doc. 21, Ex. B, 31:1-3).

Defendant argues that because the bin pallet was clear to see and Plaintiff approached it head on, a reasonable person would have recognized it as an "open and obvious condition" (Doc. 22, pp. 3). Defendant relies on the case *Sandoval v. City of Chicago* in support of its position that it should not be found liable due to the bin pallet being an open and obvious condition (Doc. 22, citing **Sandoval v. City of Chicago, 830 N.E.2d 722 (Ill. App. Ct. 2005)**). In *Sandoval*, the Plaintiff sued the City of Chicago after she fell because of a "crater-like defect on a sidewalk" in front of her house. **Sandoval, 830 N.E.2d at 724**. Sandoval claimed that although she was aware that this defect in the sidewalk had been there for several years prior to her accident, she became "distracted" when looking for her neighbor's young son, whom she was caring for, when he wandered off while playing in her yard. **Id. at 725**. The circuit court granted summary judgment in favor of the City, finding that the defect was an open and obvious condition for which the City owed no duty of care to Plaintiff. **Id. at 724-25**. The appellate court affirmed the decision, finding that the "distraction exception" to premises liability did not apply because the City could not be required to reasonably anticipate the plaintiff's distraction caused by "her own independent acts for which the defendant ha[d] no

direct responsibility." ***Id*. at 729-30 ("It is precisely this personal inattentiveness which bars a plaintiff from asserting that a landowner must anticipate that she might become 'distracted' to an open and obvious condition . . . [d]efendant in no way was responsible for, contributed to, or created this situation . . . .")**.

Defendant argues that the facts in this case present an even greater circumstance of an unreasonable failure to notice an open and obvious condition. First, Defendant asserts that the bin pallet cannot be considered a "defect," such as the section of missing sidewalk in *Sandoval*. Second, Defendant believes that the bin pallet was not a "dangerous condition," but merely a "display of merchandise, which is an inherent 'condition' in retail stores" (Doc. 22, p. 5). If considered a "dangerous condition" under the law, Defendant speculates that an "impossible burden would be placed upon merchants to guard against this 'condition'" (*Id.*). This impossible burden, Defendant asserts, is not the type of liability that the common law seeks to impose upon landowners (*Id.*). As shown by the photograph attached as an exhibit to Plaintiff's deposition testimony, Defendant states that the bin pallet was open and obvious to any reasonable person exercising ordinary care and thus, no duty was owed to Plaintiff; it was completely unforeseeable that a patron of its store would trip over this merchandise display (*Id.* at 7). Accordingly, Defendant argues that unless a duty to Plaintiff is established, Defendant cannot be liable for negligence in this case.

Responding, Plaintiff offers the case *Ward v. K Mart Corporation*, to

support her opposing stance that even if the bin pallet was deemed an "open and obvious condition," in this case, Defendant should have reasonably anticipated that it would be a tripping hazard to its patrons and therefore, Defendant owed a duty of care towards Plaintiff (Doc. 24, p. 4). In *Ward*, the plaintiff had just purchased a large bathroom mirror and was exiting the store, carrying the mirror in front of him, when he collided with a concrete located just outside of the customer door, causing him to sustain injuries. ***Ward v. K Mart Corp.*, 554 N.E.2d 223, 224-25 (Ill. 1990)**, Despite the plaintiff's testimony that he likely noticed the concrete post upon entering the store, when he exited the store carrying the mirror in front of him, his view ahead was blocked so he could not see the concrete post before colliding with it. *Id.* **at 225**. The parties did not dispute whether the concrete post was "open and obvious." However, the Illinois Supreme Court stated that the proper inquiry was actually "whether, under the facts of this case, [the concrete post] was *unreasonably* dangerous," which requires an analysis of the context in which the post was found and not in its inherent state. *Id.* **at 232 (emphasis added) ("[T]here may also be conditions which, though seemingly innocuous enough in themselves, indeed present an unreasonable danger under certain circumstances.")**. *Ward* found that while landowners are generally not required to anticipate the negligence of their invitees, in certain cases, it must be determined "whether the defendant should reasonably anticipate injury to those entrants on his premises who generally exercise reasonable care for their own safety, *but who may reasonably be expected to be*

*distracted, as when carrying large bundles, or forgetful of the condition after having momentarily encountered it."* **Id. (emphasis added) (any negligence found attributable to the plaintiff is properly considered under comparative negligence principles)**.

Ultimately, *Ward* held that the defendant owed a duty of care to plaintiff because it was "reasonably foreseeable that a customer carrying a large item which he had purchased in the store might be distracted and fail to see the post upon exiting through the door." **Id. at 233 (the defendant had every reason to expect that its customers would carry large, bulky items through the customer entrance/exit door)**. In other words, while the defendant could not be expected to anticipate injuries resulting from its customers' own negligence, the defendant was expected to anticipate that its customers, even when acting with reasonable care, may sometimes become "distracted or momentarily forgetful." **Id. at 233-34 ("If the defendant may reasonably be expected to anticipate that even those customers in the general exercise of ordinary care will fail to avoid the risk because they are distracted or momentarily forgetful, then his duty may extend to the risk posed by the condition.")**. Further, *Ward* determined that the duty to the plaintiff was not an "impossible burden" placed upon the defendant; the burden would be "slight," requiring little more than posting a simple warning or relocating the concrete post. **Id. (the defendant was entitled to expect its customers would exercise reasonable care for their own safety)**. Lastly, the Illinois Supreme Court

found that the issue of "[w]hether in fact the condition itself served as adequate notice of its presence or whether additional precautions were required to satisfy the defendant's duty[, were] questions properly left to the trier of fact." ***Id.; see also Rexroad v. City of Springfield*, 796 N.E.2d 1040, 1046 (Ill. 2003) ("Although the question of whether a duty exists in a particular case is one of law to be determined by the court . . . the question of whether defendant breached an existing duty is a question of fact to be determined by the jury.") (citations omitted)**.

In contrast to *Ward*, where the plaintiff admitted he was at least subconsciously aware of the concrete post upon entering the store, the substantial difference in this case is Plaintiff's assertion that she never even saw the bin pallet until after she tripped over it (Doc. 24, p. 4). During her deposition, Plaintiff testified that she never saw the bin pallet because she had clothing draped over her arm that likely obscured the bin pallet from her sight as she approached the checkout aisle (Doc. 23, Ex. B, 22:17-24). She also testified that it did not appear as if anything merchandise displays had been placed on the pallet; it was empty when, immediately following Plaintiff's fall, store employees picked the bin pallet up and moved it (*Id*. at 23: 3-8).

Thus, Plaintiff asserts that a material question of fact exists regarding whether the condition was "open and obvious." However, even if the bin pallet was found to be an open and obvious condition, Plaintiff argues that this does not, by

itself, relieve Defendant of liability. Instead, Plaintiff believes Defendant owed her a duty and should have reasonably anticipated that its customers could be carrying merchandise when approaching the checkout aisle, thereby obscuring their vision to the "hazard created by the bin pallet" (*Id.*). Further, Plaintiff argues that Defendant's burden to guard against this hazard would be slight, as all it needed to do was place up a sign to give warning about the bin pallet, remove the pallet or load the pallet with merchandise (*Id.*). The Court finds, as a matter of law, that Defendant had a duty, as in *Ward*, to protect its customers who are likely to be distracted at checkout aisles against even open and obvious hazards. Therefore, a question for the jury remains regarding Plaintiff's theory of the case and the Court cannot substitute its judgment for that of the jury. Of course, as the finder of fact, the jury will have to determine whether Plaintiff actually saw the bin pallet. Wherefore, the Defendant's Motion for Summary Judgment (Doc. 21) is **DENIED**.

## V. CONCLUSION

As discussed in this Order, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment, to Bar Witness, and for Sanctions (Doc. 26). Specifically, it will refrain from striking Defendant's Motion for Summary Judgment or requiring it to pay Plaintiff's associated attorneys' fees and costs, finding that Plaintiff had also violated the Federal Rules of Civil Procedure. However, the Court hereby **ORDERS** that the testimony of Rebecca Krapf is barred, therefore, her Affidavit was not considered as

evidence in support of Defendant's Motion for Summary Judgment. The Court also **DENIES** Defendant's Motion for Summary Judgment (Doc. 21), finding that although Defendant owed a duty of care to Plaintiff regarding the bin pallet, material questions of fact remain regarding whether Plaintiff actually saw the bin pallet prior to tripping over it, which is properly left for the jury to decide.

**IT IS SO ORDERED.**

Signed this 18th day of July, 2008.

/s/    David R Herndon
**Chief Judge
United States District Court**